## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SCHRAVEN, KELLY SCHRAVEN, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania<br><br>                        Plaintiffs,<br><br>               v.<br><br>PHELAN HALLINAN DIAMOND & JONES, LLP; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 206-CH2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-CH2<br><br>                 Defendants. | Civil Action #2:____-cv-_____-_____<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Representative Plaintiffs, David Schraven and Kelly Schraven (the "Schravens"), bring this class action on behalf of themselves and similarly situated residential homeowners against debt collector, Phelan Hallinan Diamond & Jones, LLP ("Phelan"); and, mortgagee/debt collector, U.S. Bank, National Association as Trustee for J.P. Morgan Mortgage Acquisition Trust 206-CH2, Asset Backed Pass-Through Certificates, Series 2006-CH2 ("US Bank"). This is a consumer Class Action Complaint ("Complaint") filed on behalf of Pennsylvania Homeowners challenging Defendants' systemic practices of charging and/or collecting fees, costs, escrow deficit and interest not authorized by the applicable mortgages and/or permitted under state law and, therefore, not legal under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.; the Pennsylvania Loan Interest and Protection Law ("Act 6"), 41 P.S. §101, et seq.; the Pennsylvania Unfair Trade Practices and Consumer Protection

Law ("UTPCPL"), 73 P.S. §201-1, et seq.; and, for breach of contract.

## I.    **JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), in that this is a putative class action where class members are citizens of a state different from US Bank, and the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  In addition, jurisdiction over the federal causes of action (Counts II-V) exists under 28 U.S.C. § 1331 and under the FDCPA, 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists over the state law claims (Count I, VI and VII) under 28 U.S.C. § 1367.

2.      Venue lies in this Court under 28 U.S.C. §1391(b)(1) because Phelan resides in this District and a substantial part of the debt collection events occurred in this District.

## II.   **THE PARTIES**

3.      Representative Plaintiffs, David Schraven and Kelly Schraven, reside at 337 Sleepy Hollow Road, Pittsburgh, Pennsylvania, in a home that they purchased on July 27, 2006.  The Schravens bring this action on their own behalf and on behalf of similarly situated homeowners with residential properties located in Pennsylvania.

4.      Defendant, Phelan Hallinan Diamond & Jones, LLP ("Phelan") is a limited liability partnership with its principal office 1617 JFK Boulevard, Suite 1400, Philadelphia, Pennsylvania.

5.      Defendant, U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 206-CH2, Asset Backed Pass-Through Certificates, Series 2006-CH2 ("US Bank") is a national bank with its principal place of business located at 425 Walnut Street, Cincinnati, Ohio.

### III.   <u>FACTUAL BACKGROUND</u>

6.   On July 27, 2006, the Schravens entered into a Mortgage with Chase Bank USA, N.A. ("Chase"), in the amount of $134,100.00.   The Mortgage was recorded with the Allegheny County Department of Real Estate in Mortgage Book 32511, Page 404.   <u>See</u> Exhibit A, attached hereto.

7.   The Mortgage authorized Chase to sell the Note and Mortgage, and separately authorized transfer of the servicing rights.   Mortgage, ¶ 20.

8.   On March 25, 2009, the Schravens' Mortgage was assigned from Chase Bank USA, N.A., to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 206-CH2, Asset Backed Pass-Through Certificates, Series 2006-CH2.   <u>See</u> Exhibit B, attached hereto.

9.   The Schravens defaulted on or about December 1, 2008.   US Bank commenced a foreclosure action against the Schravens on May 15, 2009.   <u>See</u> Exhibit C, attached hereto.

10.   The Foreclosure Complaint demanded the following amounts as due under the Mortgage.

| | |
|---|---|
| Principal Balance | $131,359.60 |
| Interest | $5,643.32 |
| 11/01/2008 through 05/13/2009 (Per diem $29.24) | |
| **Attorney's Fees** | **$1,300.00** |
| Cumulative Late Charges | $238.96 |
| 07/27/2006 to 05/13/2009 | |
| **Cost of Suit and Title Search** | **$750.00** |
| Subtotal | $139,291.88 |
| Escrow | |
|    Credit | $0.00 |
|    **Deficit** | **$0.00** |
| Subtotal | $0.00 |
|    **TOTAL** | $139,291.88 |
| (Emphasis added) | |

The date that most of these amounts were, or actually became, due was not pled.  Nor was any evidence that these amounts were incurred for services performed placed into the record.

11.    The Mortgage authorizes charging homeowners for attorneys' fees, costs, title evidence and interest.  See Mortgage, ¶¶22, 27, which provide: "22.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law," and "27… interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note."

12.    Under applicable Pennsylvania law, at the time of judgment, the mortgage is merged into the judgment and ceased to exist unless the mortgage provided otherwise.  The charges identified in this Paragraph continue to exist after the judgment.

13.    The post-judgment record failed to provide evidence as to the legal time expended, hourly rates, or when the legal services were performed (i.e., pre-judgment or post-judgment) regarding the demanded attorney fees.  Moreover, the record contains no evidence regarding the demanded costs.   Additionally, only pre-judgment escrow charges may be claimed in post-judgment motions.  The Foreclosure Complaint pled $0.00 escrow as due pre-judgment.

14.    The costs charged to the Schravens and other Homeowners were not authorized by their respective mortgages.  They were not determined to be costs incurred "in pursuing remedies provided by the mortgage" nor were they determined to be reasonable by a court.  Thus, the Schravens and other Homeowners were assessed and/or payed unauthorized charges and/or charges not permitted by law.

15.    The Schravens' mortgage does not authorize foreclosure attorneys' fees to be charged that have not been determined by a state Article V court through the lodestar method.  A lender

may only "charge for services performed."  Mortgage, ¶14.

16.   As requested by US Bank, Default Judgment was entered by the Prothonotary, not an Article V court, against the Schravens on August 4, 2009, in the amount of $141,660.32.  Under the mortgage, unliquidated fees and costs cannot be determined by the Prothonotary.  See Pa.R.Civ.P. Rule 1037(b)(1), which provides:

> The prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages.

17.   In Pennsylvania, a Prothonotary lacks the judicial power to enter a monetary judgment for unliquidated fees and costs absent express direction from an Article V court.   The Prothontary is only empowered to enter a judgment for liquidated damages of a "sum certain or which can be made certain by computation."  Id.

18.   A Praecipe for Writ of Execution was filed by US Bank on September 29, 2009 in the amount of $144,594.86.  See Exhibit D, attached hereto.

19.   On April 29, 2010, US Bank's motion to reassess requesting the following was granted.

| | |
|---|---|
| Principal Balance | $130,930.15 |
| Interest | $12,503.62 |
| 11/01/2008 Through May 3, 2010 | |
| Per Diem $29.15 | |
| | |
| Late Charges | $238.96 |
| **Legal fees** | **$1,850.00** |
| | |
| **Cost of Suit and Title** | **$1,682.42** |
| Sheriff's Sale Costs | $0.00 |
| Property          Inspections/Property Preservation | $0.00 |
| Appraisal/Broker Price Opinion | $0.00 |
| Mortgage   Insurance   Premium   / Private Mortgage Insurance | $0.00 |
| Non Sufficient Funds Charges | $0.00 |

| | |
|---|---|
| Suspense/Misc. Credits | ($21.45) |
| **Escrow Deficit** | **$2,006.14** |
| TOTAL | $149,189.87 |
| (Emphasis added) | |

<u>See</u> Exhibit E, attached hereto.  The mortgage does not authorize late charges or escrow deficits to be added to the post-default judgment.  <u>See</u> Mortgage (Exhibit A).  Legal fees and costs (pre or post-judgment) must be deemed incurred and deemed reasonable by an Article V court using the lodestar method.

### A.  The Schravens and Homeowners were Also Charged Post-Judgment Interest That Had Yet to be Incurred

20.    Phelan filed three separate praecipes to Reissue Writ of Execution on July 22, 2010; November 14, 2013; and June 17, 2014.  <u>See</u> Exhibit F.  <u>Also see</u> the Foreclosure Docket Entries, attached hereto as Exhibit G.

21.    Each praecipe demanded anticipated, interest that had not yet been incurred as of the date of filing.  <u>Id</u>.  [Reissue writ of execution filed July 22, 2010 demanding interest through October 4, 2010; November 14, 2013 demanding interest through February 3, 2014; and, June 17, 2014 demanding interest through September 2, 2014.]  The last praecipe was filed within one year of the commencement of this action.

---

<u>PRAECIPE FOR RE-ISSUE WRIT OF EXECUTION</u>

TO:  The Department of Court Records:

SIR:    Please Re-Issue a Writ of Execution, Directed to the Sheriff of Allegheny, against David Schraven Kelly D. Schraven as follows:

Interest due from **05/04/2010 to 09/02/2014**
per diem $24.52

$149,189.87
$38,815.16
———————
$188,005.03

4,445.⁰⁰

**Phelan Hallinan, LLP**
Adam H. Davis, Esq., Id. No.203034
Attorney for Plaintiff

---

This demanded interest was entered on the docket by the Prothonotary and included anticipated interest through September 2, 2014.  The writ was filed three months earlier, on June 17, 2014.

### B. Unliquidated and Unauthorized Amounts as Demanded in the Writs of Execution Were Entered and Increased the Judgment

22.  US Bank charged/collected from the Schravens and the class members foreclosure attorneys' fees, costs, escrow deficits (in fixed amounts) and interest from Homeowners that were not authorized by the Mortgage (a document incorporated into the pleading).

23.  Attorney's fees and costs of suit, as well as escrow deficits, included within the judgment, and subsequently as part of the reissue of writ(s) of execution and/or motions to reassess, were not determined by an Article V court, as required.  Therefore, there is no record of whether the attorney's fees requested were incurred for services performed, as required by the mortgage.  See Mortgage (Exhibit A), ¶¶14, 19.  There is no record that the costs of suit were incurred pursuing the foreclosure and/or that they were reasonable.  See Mortgage, ¶22.

24.  A Prothonotary in Pennsylvania lacks the judicial power to enter a monetary judgment for unliquidated damages absent express direction from a state Article V court.  The Prothonotary is only empowered to enter a judgment for liquidated damages of a "sum certain or which can be made certain by computation…"  See Pa.R.Civ.P. Rule 1037(b)(1); Pa.R.Civ.P. Rule 3021(a)(3).  The amounts claimed as sums certain in the foreclosure proceedings at issue here are negated by the Schravens' and the class members' mortgages, each incorporated into the foreclosure complaints, which only authorize unliquidated fees.

25.  A court can only grant fees where evidence is provided to establish that those fees were incurred and deemed reasonable using the lodestar method of calculation.  Moreover, only a court (not a Prothonotary) can make a fee award, which requires a lodestar method under the mortgages and/or state law (Act 6, §406).

26.   Nevertheless, the writs and reassessment motions represented to both the Schravens, and the Prothonotary, that the flat, unliquidated attorney's fees requested could be added to the judgment.   Costs of suit were also added without being determined incurred pursuing a foreclosure and/or that they were reasonable.

27.   Authorized pre-judgment costs (i.e., escrow deficits and late charges) do not survive foreclosure judgments unless demanded before judgment.  See Mortgage, ¶22.  Those amounts may not be requested for the first time post-judgment nor can they be double-billed.

28.   Nevertheless, the Schravens and other Homeowners were charged unauthorized post-judgment amounts in post-judgment writ(s) of execution and/or motions to reassess.

29.   The Schravens' property was subsequently sold at Sheriff's Sale on December 1, 2014. See Exhibit H, attached hereto.

30.   The Schravens' and other Homeowners' were charged and/or paid for unauthorized, unliquidated and/or illegal fees and post-judgment amounts as a result of their properties being sold at sheriff sale.

### C.  The Schravens and Other Homeowners Were Denied their Right to Cure

31.   The Mortgage explicitly provides Homeowners the right to cure and reinstate the Mortgage after acceleration and/or the commencement of a foreclosure action.  See Mortgage (Exhibit A), ¶19.

32.   The mortgagee has the right to refuse partial payments during this time period.  Id., ¶1.

33.   The right to cure a delinquency or default exists until one hour prior to the Sherriff Sale.  See Mortgage (Exhibit A), ¶25.

34.   Pennsylvania state law also provides certain Homeowners with the right to cure if full payment of the demanded debt is made, which can happen up to one hour before the sheriff's sale.  See Act 6, §404.

35.    The Homeowner, therefore, has the right to cure the default as provided for by the Mortgage and/or Act 6.  These rights to cure are negated when unauthorized or illegal fees, costs, escrow deficits and interest are charged or collected.

## CLASS ALLEGATIONS

36.    Both the Sheriff Sale Class and FDCPA Class (defined below) are limited to foreclosure actions brought by Phelan in the Commonwealth of Pennsylvania.  A portion of these foreclosure actions were brought by Phelan on behalf of US Bank, but are not limited to those filed on behalf of US Bank.

37.    **Sheriff Sale Class**.   This Fed.R.Civ.P. 23(b)(3) class consists of Representative Plaintiffs, David Schraven and Kelly Schraven, and former or current Homeowners who obtained financing secured by a first mortgage on residential property less than $231,111 located within the Commonwealth of Pennsylvania whose homes were sold at sheriff sale, and who had judgments, writs of execution and/or motions to reassess entered against them by the Prothonotary where there were demands for unliquidated fees or costs entered, or where there were escrow deficits or late charges entered post-judgment, within a period of six years from the date of the charge.[1]

38.    **FDCPA Class**.   This Fed.R.Civ.P. 23(b)(3) class consists of Representative Plaintiffs, David Schraven and Kelly Schraven, and former or current Homeowners who obtained financing secured by a first mortgage on residential property less than $231,111 located within the Commonwealth of Pennsylvania who had writs of execution and/or motions to reassess entered against them by the Prothonotary where there were demands for unliquidated fees or costs entered, or where there were escrow deficits or late charges entered post-judgment, or where un-accrued interest was charged, whether paid or not, within a period of one year from the date of

---

[1] The charge occurs on the date of the foreclosure complaint, writs of execution and/or motions to reassess.

filing of this Complaint.

### D. Numerosity

39.   The classes are so numerous that it is impracticable to bring all Homeowners before the Court.  The exact number of Homeowners is currently unknown, but is believed to be over ten thousand.  The exact number and identity can be determined by Defendants' records.

### E. Commonality and Predominance

40.   There are questions of law and fact common to the Class and which predominate over any issues affecting only individual members.  <u>See</u> Fed.R.Civ.P. 23(b)(3).  Without limitation, the focus of the litigation will be on Defendants' uniform post-judgment demands for foreclosure attorneys' fees, costs, escrow and interest.  Here, it is argued that either Phelan or US Bank (or both, as indicated by each count) violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, <u>et seq.</u>; the Pennsylvania Loan Interest and Protection Law ("Act 6"), 41 P.S. §101, <u>et</u> <u>seq.</u>; the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1, <u>et seq.</u>; and, that US Bank violated the mortgages contracts.

41.   The common questions of law that predominate include, but are not limited to:

a.   Did Defendants misrepresent the character, amount or legal status of the demanded post-judgment debts?  [FDCPA, §1692e(2)(A)]

b.   Did Defendants misrepresent the compensation which may be lawfully charged for the collection or attempted collection of post-judgment debts?  [FDCPA, §1692e(1)(A) and §1692e(2)(B)]

c.   Did Defendants use unfair means to attempt to collect or collect post-judgment debts that were not authorized by the mortgage?  [FDCPA, §1692f(1)]

d.   Did Defendants use unfair means to attempt to collect or collect post-judgment debts not permitted by law? [FDCPA, §1692f(1)]

e.   Did Defendants use false representation or deceptive means to attempt to collect or collect post-judgment debts?  [FDCPA, §1692(e)(10)]

f.   Did Defendants attempt to collect or collect any amount (including foreclosure fees, costs escrow deficits and interest) not authorized by the mortgage or permitted by law? [FDCPA, §1692(f)(1)]

g.   Did the mortgage authorize foreclosure fees to those actually incurred for services performed and, thereby, prohibit the foreclosing plaintiff from collecting estimated and/or anticipated fees following the sheriff's sale?  [Breach of Contract]

h.   Did the mortgage restrict interest to actually incurred interest and, thereby, prohibit the foreclosing plaintiff from collecting estimated and/or anticipated interest?   [Breach of Contract]

i.   Did the mortgage restrict foreclosure fees to services performed and incurred, which would limit the fees collected to lodestar awards made by Article V courts?  [Breach of Contract]

j.   Does the mortgage restriction, limiting foreclosure fees to actually incurred fees for services performed, prohibit a person from charging or collecting estimated and/or anticipated fees provided for in Act 6, §406?

k.   Does the prohibition of collecting or attempting to collect flat and/or percentage fees, provide a recovery under Act 6, §§502, 504?

l.   Is a payment in property-in-kind the functional equivalent of payment in cash under Act 6, §§502, 504?

m.   Does Act 6 provide §§502 or 504 remedy where a violation of Act 6, §406 exists?

n.   Did Defendants deceptively misrepresent the characteristics and/or benefits of the

mortgages resulting in an ascertainable loss of money or property? [UTPCPL §201-2(4)(xxi)]

o.   Was Defendants' conduct deceptive with respect to its charging and/or collection of foreclosure-related fees and costs? [UTPCPL §201-2(4)(xxi)]

p.   Is justifiable reliance a requirement under the UTPCPL §201-2(4)(xxi) or under §201-9.2 where the injured person is passive or where, post-transaction, is deprived of the benefit of the written contractual bargain?

q.   When a homeowner's home is sold at sheriff's sale, has the homeowner suffered an ascertainable loss of property? [UTPCPL §201-9.2]

r.   Where a monetary value cannot be reasonably placed on the actual loss, is the injured person entitled to a statutory award of at least $100.00? [UTPCPL §201-9.2]

### F.  Typicality

42.   The Schravens' claims are identical, or at least typical, to the class claims.   The Schravens and the class of Homeowners have been subjected to identical post-judgment fee, cost and interest charges and collections, and their claims arise from identical or virtually identical provisions in their mortgages and Defendants' standardized collection practices and procedures. Moreover, the claims that are advanced are based on identical contractual and statutory theories. Damages can be mechanically and mathematically determined from business records maintained by Defendants.  See Fed.R.Civ.P. 23(a)(3).

### G.  Adequacy of Representation

43.   The Schravens are adequate class representatives because their interests coincide with, and are not antagonistic to, the interests of the members of the classes they seek to represent and they have competent and experienced counsel in such litigation.  See Fed.R.Civ.P. 23(a)(4).

### H. Superiority

44.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  See Fed.R.Civ.P. 23(b)(3).  The relief sought by the Schravens and the class members are such that individual prosecution would prove burdensome and expensive, given the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for members of the class to individually redress the wrongs done to them in an economic manner.  Many, if not most, of the class members are unaware of their rights under their mortgages and their post-judgment foreclosure rights under federal or state statutory laws.  Even if the members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system given the complex legal and factual issues raised by Defendants' charging and/or collection of post-judgment fee, cost, interest and escrow deficits.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve a number of liability questions where one answer will suffice for all class members based on Defendants' standardized post-judgment practices and policies.

### COUNT I

### Against US Bank for Breach of Contract

45.   The preceding paragraphs are incorporated by reference.  This Count only includes class members whose homes were sold at sheriff's sale.

46.   Defendant, US Bank, in its Assignment has represented itself to be the owner of the Schravens' Note, and the assignee of the Mortgage securing the Note.  Therefore, US Bank is the counterparty to the Mortgage.

47.   Defendant, US Bank breached its Mortgage obligations to the Schravens and the class

by collecting foreclosure fees, costs and unauthorized post-judgment charges (i.e., escrow deficits, late charges) in violation of the terms of the mortgages with the Schravens and members of the class.

48.  The Schravens' Mortgage provides that the lender "may not charge fees that are expressly prohibited… by Applicable Law."  Mortgage (Exhibit A), ¶ 14.  This would apply to post-judgment servicing.  The Mortgage further specifies that, in instances of a homeowner's default, the lender may only charge fees for services *performed* in connection with that default. Id.  In the context of post-judgment fees and costs, the Mortgage only authorizes the lender to collect "expenses *incurred*."  Id., ¶ 22 (emphasis added).  Only damages that expressly survive judgment may be charged post-judgment.  Items such as escrow do not survive post-judgment. These provisions are standard terms found in most, if not all, residential mortgages.

49.  US Bank violated one or more of these mortgage provisions collecting post-judgment foreclosure fees, costs and escrow deficits from the sheriff's sale of the Schravens' and Homeowners' homes.

50.  US Bank collected these fees through writs of execution and/or motions to reassess followed by a sheriff's sale.  Its collection actions amounted to collecting fees, costs and escrow deficits "expressly prohibited" in violation of the Schravens' Mortgage.  These actions also amounted to collecting fees for legal services not incurred, in violation of the mortgages' language requiring that any collection be based on services actually performed.

51.  The Schravens and the Homeowners have suffered actual and/or nominal damages as a result of US Bank's breach of contract, including, inter alia, paying unauthorized and/or illegal post-judgment fees, costs, late charges and escrow deficits within six years of a sheriff's sale.

## COUNT II

**Defendants, US Bank and Phelan, Violated the Federal Fair Debt Collection Practices Act by Charging Post-Judgment Interest Before it was Incurred**

52.   The preceding paragraphs are incorporated.

53.   This Count is brought under the FDCPA, 15 U.S.C. §1692, et seq., against US Bank and Phelan, as debt collectors.  Creditors, like US Bank, can also be debt collectors under the FDCPA where they acquire the debt after default, as here.

54.   The Schravens are consumers as defined by §1692a(3) of the FDCPA.  US Bank and Phelan are both debt collectors as defined by §1692a(6).

55.   Defendants violated the FDCPA by charging and/or collecting post-judgment interest that had not been incurred from Homeowners.  These charges for yet to be incurred interest were not authorized by the mortgage.  Estimated or anticipated interest is not authorized by the Mortgage and, therefore, is illegal under the FDCPA.

56.   In addition, Act 6, §202 prohibits post-judgment interest over six percent if not supported by the foreclosure record.  Here, the supporting documents are almost always the notes, which are rarely made part of the foreclosure record.

57.   The FDCPA prohibits, inter alia, debt collectors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt," (§1692e) or any "unfair or unconscionable means to collect or attempt to collect any debt," (§1692f).

58.   Defendants' post-judgment collection activities violated, inter alia, §1692(e)(2)(A) ("The false representation of – the character, amount, or legal status of any debt."); §1692(e)(5) ("The threat to take any action that cannot legally be taken or that is not intended to be taken."); §1692(e)(10) ("The use of any false representation or deceptive means to collect or attempt to collect any debt."); and, §1692(f)(1) ("The collection of any amount (including any interest, fee,

charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.").

59.    Defendants acted as debt collectors and used deceptive, misleading and other unlawful conduct, including the charging and collecting yet-to-be incurred interest not authorized by their mortgages and/or in violation of state law.

60.    Defendants violated the FDCPA by representing interest not authorized by the Mortgage as currently due when it was not and/or estimating or anticipating future interest as currently due and owing.  These practices violate the FDCPA provisions under this Count.

61.    There was no computation of how post-judgment interest was determined or calculated (i.e., applicable interest rate, the operative dates, and the balance upon which the interest is calculated), nor is there an evidentiary record (i.e., note) from which a rate over the legal rate of 6% was demonstrated.  Such unauthorized post-judgment interest inflates the judgment.

62.    It is a violation of the FDCPA for debt collectors to charge and/or collect interest that has yet to be incurred.  Such charges violate §1692e of the FDCPA because the inflated amount falsely represented the "character, amount or legal status" of the Schravens' debt, thereby rendering the writ of execution a "false, deceptive or misleading representation," and a "false representation or deceptive means to collect or attempt to collect any debt."  See FDCPA, §§1692e(2)(A), 1692(e)(10).

63.    Defendants violated the FDCPA because post-judgment demands for interest they caused to be filed against the Schravens and the class members were not contractually authorized because they were not actually incurred at the time of filing.  The maximum rate cannot exceed the legal rate of 6%, where, as here, the note or other evidence does not support charging a higher rate of interest.  The interest charged and/or collected, when over 6%, was not based on

rates in the record and, therefore, could not be determined and awarded by a court or Prothonotary. Thus, Defendants violated the FDCPA by, inter alia, post-judgment representing to homeowners that they owed amounts they did not owe, as demonstrated by the foreclosure record created by the Defendants. Not entering the Note into the record was a standardized practice followed by Defendants.

64. US Bank also violated the FDCPA by using unfair or unconscionable means to collect post-judgment interest and by charging, attempting to collect or collecting interest that was not "expressly authorized by the agreement creating the debt or permitted by law." FDCPA, §§1692f and 1692f(1). Debt collectors that charge, attempt to collect or collect amounts that are not "expressly authorized by the agreement creating the debt or permitted by law" violate the FDCPA, §1692f(1). Here, neither the unincurred interest nor the estimated/anticipated interest was authorized by the Mortgage and, as such, violated the FDCPA if charged within one year of the date of this Complaint.

## COUNT III

**Defendants, US Bank and Phelan Violated Federal Fair Debt Collection Practices Act by Demanding Post-Judgment Attorney's Fees as Due That Could Only be Awarded by an Article V Court Using the Lodestar Method**

65. The preceding paragraphs are incorporated.

66. The Schravens' and Homeowners' mortgages limit fees to those incurred for services performed. See Mortgage (Exhibit A), ¶14. These fees must be calculated using the lodestar method by an Article V state court using evidence in the record.

67. Act 6 mandates "attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor." See Act 6, §406(2). Defendants charged fees to the Schravens that did not comport to this standard.

68. During foreclosure proceedings, a determination of the award of attorneys' fees

requires the court to use the lodestar method, which requires the court to take into consideration the number of hours for legal services reasonably expended times a reasonable hourly rate. The Schravens and the class members were subject to writs of execution, motions to reassess and/or foreclosure judgment, which were not based on record evidence regarding the time and rate and actual legal services rendered in connection with the foreclosure action.

69.   Representing attorney's fees charged in post-judgment proceedings as a sum certain due, before awarded by court violated the FDCPA. These attorney fee charges were not authorized by the mortgage and/or permitted by Act 6. Defendants violated the FDCPA by representing to Homeowners that they owed amounts they did not owe, including charges for, inter alia, illegal, unincurred and/or unreasonable post-judgment fees that were not contractually authorized or legally permitted. Defendants violated the FDCPA by charging Homeowners for and/or collecting these unauthorized fees.

70.   The FDCPA prohibits, inter alia, debt collectors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt," (§1692e) or any "unfair or unconscionable means to collect or attempt to collect any debt," (§1692f). In addition, their conduct violated §1692(e)(2)(A), §1692(e)(2)(B), §1692(e)(5) and §1692(e)(10).

71.   Defendants acted as debt collectors and used deceptive, misleading and other unauthorized and unlawful practices with respect to the charging and/or collection of the fees allegedly owed by the Schravens and the class members, including the charging and collection of post-judgment fees not authorized by their mortgages and/or in violation of Act 6.

72.   Such post-judgment fees were neither reasonably calculated (by using an hourly, lodestar method) nor awarded by an Article V court.

73.   It is a violation of the FDCPA to charge and/or collect post-judgment, unliquidated

fees.   Defendants violated §1692e of the FDCPA because the fees they claimed falsely represented the "character, amount or legal status" of the Schravens' debt and the debt owed by the class members, thereby rendering each demand as a "false, deceptive or misleading representation."  FDCPA, §1692e(2)(A).

74.   Defendants violated the FDCPA because their charging and collecting of post-judgment fees were not authorized under the Mortgages or permitted by state law because they were not determined by a court under the lodestar method.  The fees demanded have to be determined and awarded by a court because they are unliquidated.  Thus, Defendants violated the FDCPA by, inter alia, representing to homeowners that they owed post-judgment fees they did not owe.  Defendants also made unauthorized attempts to collect such fees.  See FDCPA, §1692e(5).

75.   Finally, Defendants also violated the FDCPA by using unfair or unconscionable means to collect post-judgment fees and by charging and/or collecting fees that are not "expressly authorized by the agreement creating the debt or permitted by law."  FDCPA, §§1692f and 1692f(1).  Debt collectors that charge or collect fees that are not "expressly authorized by the agreement creating the debt or permitted by law" violate the FDCPA, §1692f(1).  Defendants' post-judgment foreclosure fees violated the FDCPA if charged within one year of the filing of this Complaint.

## COUNT IV

**Defendants, US Bank and Phelan Violated Federal Fair Debt Collection Practices Act by Demanding Post-Judgment Costs as Due That Could Only be Awarded When Determined Incurred in Pursuing Foreclosure and Determined Reasonable by an Article V Court**

76.   The preceding paragraphs are incorporated.

77.   The Schravens' and Homeowners' mortgages limit costs to those actually incurred in pursuing the foreclosure remedy.  See Mortgage (Exhibit A), ¶22.  Those costs must be determined reasonable by an Article V state court.

78.   Act 6 mandates that "no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except… (1) Reasonable fees for services included in actual settlement costs."   See Act 6, §406.   Defendants charged costs to the Schravens that did not comport to this standard.   There was no information in the record that these costs were determined reasonable or complied with Act 6, §406(1).

79.   During foreclosure proceedings, a determination of the award of costs requires the court to determine whether they were incurred pursuing foreclosure and whether they were reasonable. The Schravens and the class members were subject to writs of execution, motions to reassess and/or judgment, which were not based on record evidence regarding costs incurred in connection with the foreclosure action.

80.   Representing costs charged in post-judgment proceedings as a sum certain due, before awarded by court violated the FDCPA.   These cost charges were not authorized by the mortgage and/or permitted by Act 6.   Defendants violated the FDCPA by representing to Homeowners that they owed amounts they did not owe, including charges for, inter alia, illegal, unincurred and/or unreasonable post-judgment costs that were not contractually authorized or legally permitted. Defendants violated the FDCPA by charging Homeowners for and/or collecting these unauthorized costs.

81.   The FDCPA prohibits, inter alia, debt collectors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt," (§1692e) or any "unfair or unconscionable means to collect or attempt to collect any debt," (§1692f).   In addition, their conduct violated §1692(e)(2)(A), §1692(e)(2)(B), §1692(e)(5) and §1692(e)(10).

82.   Defendants acted as debt collectors and used deceptive, misleading and other unauthorized and unlawful practices with respect to the charging and/or collection of the costs

allegedly owed by the Schravens and the class members, including the charging and collection of post-judgment costs not authorized by their mortgages and/or in violation of Act 6.

83.    It is a violation of the FDCPA to charge and/or collect post-judgment, unliquidated costs.    Defendants violated §1692e of the FDCPA because the costs they claimed falsely represented the "character, amount or legal status" of the Schravens' debt and the debt owed by the class members, thereby rendering each demand as a "false, deceptive or misleading representation." FDCPA, §1692e(2)(A).

84.    Defendants violated the FDCPA because their charging and collecting of post-judgment costs were not authorized under the Mortgages or permitted by state law because they were not determined by a court to be reasonable and incurred pin pursing foreclosure.    The costs demanded have to be determined and awarded by a court because they are unliquidated.    Thus, Defendants violated the FDCPA by, inter alia, representing to homeowners that they owed post-judgment costs they did not owe.    Defendants also made unauthorized attempts to collect such costs.    See FDCPA, §1692e(5).

85.    Finally, Defendants also violated the FDCPA by using unfair or unconscionable means to collect post-judgment costs and by charging and/or collecting costs that are not "expressly authorized by the agreement creating the debt or permitted by law."    FDCPA, §§1692f and 1692f(1).    Debt collectors that charge or collect costs that are not "expressly authorized by the agreement creating the debt or permitted by law" violate the FDCPA, §1692f(1).    Defendants' post-judgment foreclosure costs violated the FDCPA if charged within one year of the filing of this Complaint.

## COUNT V

**Defendants, US Bank and Phelan Violated Federal Fair Debt Collection Practices Act by Demanding Post-Judgment Escrow Deficits as Due That Could Only be Recovered Pre-Judgment**

86.   The preceding paragraphs are incorporated.

87.   The Schravens' and Homeowners' mortgages limit what charges survive the entry of foreclosure judgment.  See Mortgage (Exhibit A), ¶22 ("Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22.").

88.   Representing escrow in post-judgment proceedings as due violated the FDCPA. Escrow charges do not survive the judgment as indicated in the Mortgage.  Defendants violated the FDCPA by representing to Homeowners that they owed amounts they did not owe, including charges for, inter alia, illegal and/or unauthorized post-judgment fees that were not contractually authorized or legally permitted.  Defendants violated the FDCPA by charging Homeowners for and/or collecting these unauthorized fees.

89.   All other fees and/or charges authorized by the Mortgage must be charged prior to foreclosure judgment either in the foreclosure complaint or in an amendment thereto.

90.   The FDCPA prohibits, inter alia, debt collectors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt," (§1692e) or any "unfair or unconscionable means to collect or attempt to collect any debt," (§1692f).  In addition, their conduct violated §1692(e)(2)(A), §1692(e)(2)(B), §1692(e)(5) and §1692(e)(10).

91.   Defendants acted as debt collectors and used deceptive, misleading and other unauthorized and unlawful practices with respect to the charging and/or collection of the post-judgment charges allegedly owed by the Schravens and the class members.

92.   It is a violation of the FDCPA to charge and/or collect unauthorized post-judgment charges.  Defendants violated §1692e of the FDCPA because the post-judgment charges they

claimed falsely represented the "character, amount or legal status" of the Schravens' debt and the debt owed by the class members, thereby rendering each demand as a "false, deceptive or misleading representation."  FDCPA, §1692e(2)(A).

93.    Defendants violated the FDCPA because their charging and collecting of post-judgment charges were not authorized under the Mortgages.  Thus, Defendants violated the FDCPA by, inter alia, representing to homeowners that they owed post-judgment charges they did not owe, and they made unauthorized attempts to collect such fees.  See FDCPA, §1692e(5).

94.    Finally, Defendants also violated the FDCPA by using unfair or unconscionable means to collect post-judgment charges and by charging and/or collecting charges that are not "expressly authorized by the agreement creating the debt or permitted by law."  FDCPA, §§1692f and 1692f(1).  Debt collectors that charge or collect amounts that are not "expressly authorized by the agreement creating the debt or permitted by law" violate the FDCPA, §1692f(1).  Defendants' unauthorized post-judgment foreclosure charges violated the FDCPA if charged within one year of the filing of this Complaint.

## COUNT VI

**Defendants, Phelan and US Bank Violated Act 6 by Charging and/or Collecting Prohibited Fees, Costs and Interest**

95.    The preceding paragraphs are incorporated.

96.    This Count arises under the Act 6, 41 P.S. §101, et seq.

97.    At the time the final writ of execution was filed against the Schravens, Act 6 had been amended to apply prospectively and covered mortgages with a face value of up to $231,111.00, as adjusted annually by the Department of Banking.

98.    This Count includes, but is not limited to, members of the class with judgments against their property that were not decided by an Article V court, but by, for example, the Prothonotary.

This Count also includes post-judgment fees and costs entered by a Prothonotary or Deputy, unless such fees were added by the Prothonotary in the course of a merely ministerial implementation of an order by an Article V court.  This Count excludes Homeowners who paid foreclosure fees and costs as a result of a judgment signed by an Article V court.

99.   Act 6, §101 includes within its broad scope "persons" and "residential mortgage lenders," defined as follows:

> "Person" means an individual, corporation, business trust, estate trust, partnership or association or any other legal entity, and shall include but not be limited to residential mortgage lenders.
>
> *   *   *
>
> "Residential mortgage lender" means any person who lends money or extends or grants credit and obtains a residential mortgage to assure payment of the debt.  The terms shall also include the holder at any time of a residential mortgage obligation.

100.  Act 6, §406, with respect to the misconduct of "residential mortgage lenders" provides:

> With regard to residential mortgages, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:
> (1) Reasonable fees for services included in actual settlement costs.
> (2) Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor.

101.  A residential mortgage lender can violate §406 by charging or collecting:

   a.   foreclosure-related attorneys' fees before they were actually incurred for services performed

   b.   unliquidated foreclosure fees (post-judgment) that had been determined by a Prothonotary and not by an Article V court; and/or,

   c.   actual settlement costs that are reasonable.

102.  In addition, the above foreclosure fees charged and/or collected violated Act 6 because they were not authorized by the mortgage contracts of the Schravens or the members of the class.

103.  The Act 6 attorneys' fees charged and/or collected constitute damages because they are not fixed in an amount by the mortgage contract and they can only be determined reasonable by an Article V state court.  See Act 6, §406; Pa.R.Civ.P. Rule 1037(b)(1), limiting the power of a Prothonotary to entering judgments on liquidated, as opposed to un-liquidated damages.  Also see Pa.R.Civ.P. Rule 1021(b) stating that "any pleading demanding relief for unliquidated damages shall not claim any specific sum.  The Prothonotary lacks the judicial power to enter a monetary judgment for unliquidated damages absent express direction from a court.  Instead, the Prothonotary is only empowered to enter a default judgment for liquidated damages of a "sum certain or which can be made certain by computation."  Pa.R.Civ.P. Rule 1037(b)(1).

104.  Defendants breached their obligations under Act 6 by charging and/or collecting foreclosure attorneys' fees and costs that were unreasonable, because, inter alia, they were not determined reasonable and incurred by an Article V court, they were not calculated on a flat-rate or percentage-of-debt basis instead of an hourly, lodestar basis and they were without express contractual authority in the mortgages or as permitted by law.

105.  Defendants breached their obligations under Act 6 by charging and/or collecting foreclosure fees before they were incurred for services performed or that were not incurred at all.

106.  Where a residential mortgage lender has violated §406, any §101 "person" (as defined by Act 6 itself) can be liable for their conduct under the remedial provisions of §§502, 504.

107.  The unauthorized attorneys' fees and legal expenses that Defendants charged and/or collected are recoverable under Act 6, §502.  Defendant need only be persons, whether or not they are residential mortgage lenders, to be liable under §502.

108.  The Schravens and Homeowners have paid charges (in the form of a lien and from the sale of their home at sheriff sale) prohibited by §406 and have brought suit "against the person who has collected such…charges."

109.  Where a residential mortgage lender has violated §406, any §101 "persons" can also be liable for their conduct under the remedial provisions of §504.  Act 6 §504 states that:

> Any person **affected by a violation of the act** shall have the substantive right to bring an action on behalf of himself individually **for damages by reason of such conduct or violation**, together with costs including reasonable attorney's fees and such other relief to which such person may be entitled under law. (Emphasis added)

The Schravens and Homeowners have been affected by the §406 violation quoted <u>infra</u>.

110.  The Schravens and members of the class incurred and were damaged by these unauthorized foreclosure fees and costs resulting from the sheriff sale within four years of the filing of this Complaint.

## <u>COUNT VII</u>

**Defendants, Phelan and US Bank Violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law**

111.  The preceding paragraphs are incorporated.

112.  Defendants violated the UTPCPL by virtue of their violations of Section 201-2(4), which prohibits the following unfair and deceptive practices: "(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

113.  Defendants violated the UTPCPL by overcharging Homeowners for attorneys' fees, legal costs, late charges, interest and escrow deficits thereby misrepresenting the amounts that they actually owed.  The Defendants also charged Homeowners for attorneys' fees, legal costs, late charges, interest and escrow deficits that were not authorized by the mortgages.  These actions violated the UTPCPL, §201-2(4), by "representing that… services have…

characteristics… that they do not have" and by "engaging in… fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

114.  Homeowners suffered an ascertainable loss of property when their properties were sold at sheriff sale within six years of the date of this Complaint.

## REQUEST FOR RELIEF

WHEREFORE, Representative Plaintiffs, David Schraven and Kelly Schraven, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania, respectfully requests that this Honorable Court:

(1)   award actual or nominal damages against US Bank for its breaches of contract within six years preceding the date that this Complaint was filed (Count I);

(2)   award statutory and/or actual damages pursuant to the FDCPA, §1692k against US Bank and Phelan for their FDCPA violations within the one year preceding the date that this Complaint was filed (Counts II-V);

(3)   award statutory and/or actual damages as authorized by Act 6, 41 P.S. §§502, 504 within four years preceding the date that this Complaint was filed (Count VI);

(4)   award treble damages as provided by the UTPCPL, §201-9.2 or an award of $100, whichever is greater (Count VII)

(5)   award class counsel reasonable, statutory fees and costs; and,

(6)    grant such other relief as the Court deems appropriate.


**Date: June 16 2015**                              Respectfully Submitted,

                                                    MICHAEL P. MALAKOFF, P.C.

                                                    Michael P. Malakoff, Esquire
                                                    Pennsylvania Attorney I.D. #11048
                                                    Jonathan R. Burns, Esquire
                                                    Pennsylvania Attorney I.D. #315206
**JURY TRIAL DEMANDED**                             Suite 200, the Frick Building
                                                    Pittsburgh, PA 15219
                                                    Telephone: (412) 281-4217
                                                    Facsimile:  (412) 281-3262


                                                    *Attorneys for Plaintiffs, David Schraven and*
                                                    *Kelly Schraven, individually and on behalf*
                                                    *of other similarly situated former and*
                                                    *current homeowners in Pennsylvania*